[No. B221481. Second Dist., Div. One. Nov. 9, 2010.]

LOUISE LASWELL, Plaintiff and Respondent, v.
AG SEAL BEACH, LLC, et al., Defendants and Appellants.

**COUNSEL**

Liedle, Getty & Wilson, William C. Wilson, Mary P. Miller; Boudreau Williams and Jon R. Williams for Defendants and Appellants.

Law Offices of Michael F. Moran, Michael F. Moran and Lisa Trinh Flint for Plaintiff and Respondent.

OPINION

**ROTHSCHILD, J.**—Defendants AG Seal Beach, LLC, AG Facilities Operations, LLC, and Country Villa Service Corporation appeal from the trial court's order denying their petition to compel arbitration of plaintiff Louise Laswell's action against them for elder abuse and related claims. Because we conclude that the trial court erred in denying the petition to compel arbitration, we reverse the order and remand the matter for entry of a new order granting the petition.

### FACTUAL AND PROCEDURAL BACKGROUND

1. *The Complaint, Answer and the Trial Court's Grant of Trial Preference*

On June 26, 2009, Laswell, by and through her daughter Susan Lyons, under a power of attorney, filed a complaint alleging that Laswell had received improper care and treatment at the 24-hour health facility in Seal Beach where she resided from October 21, 2008, to December 10, 2008. Laswell was admitted into the facility at age 92 for postoperative rehabilitative care following hip surgery. In her complaint, she named as defendants AG Seal Beach, LLC, the licensee and operator of the health facility doing business as Country Villa Seal Beach Healthcare Center; AG Facilities Operations, LLC, the owner of AG Seal Beach, LLC, and Country Villa Seal Beach Healthcare Center; and Country Villa Service Corporation, doing business as Country Villa Health Services, the management company of Country Villa Seal Beach Healthcare Center in charge of the day-to-day operation, patient care and maintenance of the health facility (collectively, defendants).

According to the complaint, while Laswell resided at Country Villa Seal Beach Healthcare Center, she was neglected, abandoned and abused, resulting in injuries to her body, severe anemia, an infection in the coccyx area, right lower lobe pneumonia and malnutrition. Laswell alleged causes of action against all defendants for elder abuse under the Elder Abuse and Dependent Adult Civil Protection Act (Welf. & Inst. Code, § 15600 et seq.); negligence; willful misconduct; and violation of Penal Code section 368, and an additional cause of action against AG Seal Beach, LLC, as the licensee of the health facility, for violation of Health and Safety Code section 1430, subdivision (b).[1] Laswell sought compensatory and punitive damages, statutory remedies, attorney fees and costs.

---

[1] Health and Safety Code section 1430, subdivision (b), allows "[a] current or former resident or patient of a skilled nursing facility . . . or intermediate care facility . . . [to] bring a civil action against the licensee of a facility who violates any rights of the resident or patient as set forth in the Patients Bill of Rights in Section 72527 of Title 22 of the California Code of

On August 13, 2009, defendants filed the operative amended answer to Laswell's complaint, asserting numerous affirmative defenses, including that the matter is subject to binding arbitration.

Soon thereafter, on September 10, 2009, Laswell filed a motion for trial preference under Code of Civil Procedure section 36, subdivisions (a) and (d), on grounds that she was 93 years old and had been certified twice by a physician for hospice care as terminally ill with a life expectancy of less than six months and, as a result, that trial preference was necessary to preserve her interests and prevent prejudice in the matter. After a case management conference, the trial court granted the motion, noting that Laswell was 93 years old and terminally ill, and set a trial date of February 1, 2010.

### 2. *The Petition to Compel Arbitration and the Trial Court's Denial of the Petition*

On or about November 19, 2009, defendants moved to compel arbitration, asserting that a valid arbitration agreement provided for arbitration of "any and all disputes or claims . . . arising out of the provision of services by the [f]acility," defined as Country Villa Seal Beach Healthcare Center, or that "allege violations of the Elder Abuse and Dependent Adult Civil Protection Act." According to defendants, the arbitration agreement complied with all of the requirements specified in Health and Safety Code section 1599.81 for arbitration clauses in contracts of admission to health facilities,[2] Laswell had signed the agreement consenting to arbitration, and the agreement had never been revoked. Defendants thus asserted the matter was required to proceed in arbitration, but Laswell refused to arbitrate the dispute.

Laswell opposed the petition, arguing, as relevant to this appeal, that (1) the arbitration agreement was invalid and unenforceable because Laswell lacked

---

Regulations, or any other right provided for by federal or state law or regulation." Under the statute, "[t]he licensee shall be liable for up to five hundred dollars ($500), and for costs and attorney fees, and may be enjoined from permitting the violation to continue." (*Ibid.*) The statute provides that a cause of action thereunder is nonarbitrable.

[2] Health and Safety Code section 1599.81 requires that "(a) All contracts of admission that contain an arbitration clause shall clearly indicate that agreement to arbitration is not a precondition for medical treatment or for admission to the facility. [¶] (b) All arbitration clauses shall be included on a form separate from the rest of the admission contract. This attachment shall contain space for the signature of any applicant who agrees to arbitration of disputes. [¶] (c) On the attachments, clauses referring to arbitration of medical malpractice claims, as provided for under Section 1295 of the Code of Civil Procedure, shall be clearly separated from other arbitration clauses, and separate signatures shall be required for each clause. [¶] (d) In the event the contract contains an arbitration clause, the contract attachment pertaining to arbitration shall contain notice that under Section 1430, the patient may not waive his or her ability to sue for violation of the Patient's Bill of Rights." The parties do not dispute that the arbitration agreement signed by Laswell complied with these statutory requirements.

the capacity to execute it; (2) the presence of third party defendants not subject to arbitration and the possibility of conflicting rulings on common issues of law and fact rendered arbitration inappropriate; and (3) the causes of action for elder abuse and violation of Health and Safety Code section 1430, subdivision (b), are not arbitrable.

In reply, defendants conceded that, as specified in Health and Safety Code section 1599.81, subdivision (d), the cause of action for violation of Health and Safety Code section 1430, subdivision (b), was not subject to arbitration, but argued it was a small component of Laswell's case, could be litigated in court to determine any statutory remedies and attorney fees after arbitration and should not operate as a pleading tactic to defeat a valid arbitration agreement and undermine the public policy in favor of arbitration. Defendants also asserted that Laswell had not demonstrated mental incapacity and that all defendants were related Country Villa entities, represented by the same counsel, and would consent to arbitration.

Although the trial court concluded that defendants had made a "prima facie case for arbitration," it denied the petition to compel arbitration. Viewing whether to compel arbitration as a discretionary question, the court decided that it would not "make[] sense to send the matter to arbitration" because (1) there were parties who would not participate in the arbitration given that they were not part of the agreement; (2) there were some causes of action not subject to arbitration; (3) the trial date was set for less than two months away and the case would proceed just as expeditiously in court as in arbitration; (4) Laswell was 93 years old and there need not be two proceedings under the circumstances; and (5) the question of arbitration should have been raised more promptly, such as when Laswell had moved for trial preference, although that failure was not necessarily a waiver of the right to arbitrate.

Defendants timely appealed. (Code Civ. Proc., § 1294, subd. (a) [order denying petition to compel arbitration is appealable].)

## DISCUSSION

1. *California Has a Strong Public Policy Favoring Contractual Arbitration and Thus Requiring Enforcement of Valid Arbitration Agreements*

█ A trial court is required to order a dispute to arbitration when the party seeking to compel arbitration proves the existence of a valid arbitration agreement covering the dispute. (*Garrison v. Superior Court* (2005) 132 Cal.App.4th 253, 263 [33 Cal.Rptr.3d 350].) Under Code of Civil Procedure section 1281.2, "[o]n petition of a party to an arbitration agreement alleging

the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court *shall* order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that" the case falls into one of three limited exceptions. (Italics added.) Similarly, Code of Civil Procedure section 1281 provides, "[a] written agreement to submit to arbitration an existing controversy or a controversy thereafter arising is valid, enforceable and irrevocable, save upon such grounds as exist for the revocation of any contract."     ▮     These " 'statutes evidence a strong public policy in favor of arbitration[], which policy has frequently been approved and enforced by the courts.' " (*Madden v. Kaiser Foundation Hospitals* (1976) 17 Cal.3d 699, 706 [131 Cal.Rptr. 882, 552 P.2d 1178]; see *Rowe v. Exline* (2007) 153 Cal.App.4th 1276, 1282 [63 Cal.Rptr.3d 787] ["A strong public policy favors the arbitration of disputes, and doubts should be resolved in favor of deferring to arbitration proceedings."].)

One of the limited exceptions to the enforcement of contractual arbitration provisions is where "[a] party to the arbitration agreement is also a party to a pending court action or special proceeding with a third party, arising out of the same transaction or series of related transactions and there is a possibility of conflicting rulings on a common issue of law or fact." (Code Civ. Proc., § 1281.2, subd. (c).) This exception " 'addresses the peculiar situation that arises when a controversy also affects claims by or against other parties not bound by the arbitration agreement.' " (*Cronus Investments, Inc. v. Concierge Services* (2005) 35 Cal.4th 376, 393 [25 Cal.Rptr.3d 540, 107 P.3d 217].) The exception thus does not apply when all defendants, including a nonsignatory to the arbitration agreement, have the right to enforce the arbitration provision against a signatory plaintiff. (*Molecular Analytical Systems v. Ciphergen Biosystems, Inc.* (2010) 186 Cal.App.4th 696, 709 [111 Cal.Rptr.3d 876]; *RN Solution, Inc. v. Catholic Healthcare West* (2008) 165 Cal.App.4th 1511, 1519 [81 Cal.Rptr.3d 892]; *Rowe v. Exline, supra,* 153 Cal.App.4th at p. 1290.) The exception " 'is not a provision designed to limit the rights of parties who choose to arbitrate or otherwise to discourage the use of arbitration. Rather, it is part of California's statutory scheme designed to enforce the parties' arbitration agreements . . . .' " (*Cronus Investments, Inc. v. Concierge Services, supra,* 35 Cal.4th at p. 393.)

▮ If the prerequisites of the exception exist in a particular case, i.e., there are third parties not subject to arbitration on claims arising out of the same transaction or related transactions, and a possibility of conflicting rulings on common issues of law or fact, then the trial court has discretion to deny or stay arbitration. (Code Civ. Proc., § 1281.2, subd. (c).) " 'The court's discretion under [the exception, however,] does not come into play until it is ascertained that the subdivision applies, which requires the threshold determination of whether there are nonarbitrable claims against at least one of the

parties to the litigation (e.g., a nonsignatory).' " (*Molecular Analytical Systems v. Ciphergen Biosystems, Inc., supra*, 186 Cal.App.4th at p. 709.)

In general, "[t]here is no uniform standard of review for evaluating an order denying a motion to compel arbitration. [Citation.] If the court's order is based on a decision of fact, then we adopt a substantial evidence standard. [Citations.] Alternatively, if the court's denial rests solely on a decision of law, then a de novo standard of review is employed. [Citations.]" (*Robertson v. Health Net of California, Inc.* (2005) 132 Cal.App.4th 1419, 1425 [34 Cal.Rptr.3d 547].) Specifically, whether a defendant is in fact a third party for purposes of Code of Civil Procedure section 1281.2, subdivision (c), is a matter of law subject to de novo review. (*Rowe v. Exline, supra*, 153 Cal.App.4th at p. 1283; *RN Solution, Inc. v. Catholic Healthcare West, supra*, 165 Cal.App.4th at p. 1519.) If the third party exception applies, the trial court's discretionary decision as to whether to stay or deny arbitration is subject to review for abuse. (*Molecular Analytical Systems v. Ciphergen Biosystems, Inc., supra*, 186 Cal.App.4th at p. 708; see also *Valencia v. Smyth* (2010) 185 Cal.App.4th 153, 180 [110 Cal.Rptr.3d 180].)

> 2. *Code of Civil Procedure Section 1281.2, Subdivision (c)'s Exception to Enforcement of Arbitration Agreements Does Not Apply Here and Thus the Trial Court Did Not Have Discretion to Deny the Petition to Compel Arbitration*

Although concluding that defendants had set forth a "prima facie case for arbitration," the trial court exercised discretion to deny arbitration, initially concluding that there were defendants who would not participate in the arbitration because they were not parties to the agreement. The trial court thus at least implicitly concluded that the threshold requirement for application of Code of Civil Procedure section 1281.2, subdivision (c), that there were third parties not subject to the arbitration agreement was met and, as a result, it had discretion to deny arbitration. But the trial court's conclusion that Code of Civil Procedure section 1281.2, subdivision (c), applies was erroneous and, therefore, it had no discretion to deny arbitration.

As noted, the arbitration agreement provided for arbitration of "any and all disputes or claims . . . arising out of the provision of services by the [f]acility," defined as Country Villa Seal Beach Healthcare Center, or that "allege violations of the Elder Abuse and Dependent Adult Civil Protection Act," and was signed by a representative of the facility. The trial court seemingly adopted Laswell's argument that the agreement covered only AG Seal Beach, LLC, doing business as Country Villa Seal Beach Healthcare Center—the facility where Laswell had resided—and the presence of AG Facilities Operations, LLC, and Country Villa Service Corporation as defendants in the action demonstrated that there were third parties not subject to the

arbitration agreement and thus invoked Code of Civil Procedure section 1281.2, subdivision (c). This argument, however, is faulty because AG Facilities Operations, LLC, and Country Villa Service Corporation are not third parties for purposes of Code of Civil Procedure section 1281.2, subdivision (c), and thus the third party exception does not apply.

■ "The term 'third party' for purposes of [Code of Civil Procedure] section 1281.2 . . . must be construed to mean a party that is not bound by the arbitration agreement." (*RN Solution, Inc. v. Catholic Healthcare West, supra*, 165 Cal.App.4th at p. 1519.) "[I]n many cases, nonparties to arbitration agreements are allowed to enforce those agreements where there is sufficient identity of parties." (*Valley Casework, Inc. v. Comfort Construction, Inc.* (1999) 76 Cal.App.4th 1013, 1021 [90 Cal.Rptr.2d 779].) In addition, " ' "[t]he equitable estoppel doctrine applies when a party has signed an agreement to arbitrate but attempts to avoid arbitration by suing nonsignatory defendants for claims that are ' "based on the same facts and are inherently inseparable" ' from arbitrable claims against signatory defendants." ' " (*Rowe v. Exline, supra*, 153 Cal.App.4th at p. 1287.)

Although the arbitration agreement defined "facility" as Country Villa Seal Beach Healthcare Center and the agreement was signed by a representative of the "facility," AG Facilities Operations, LLC, and Country Villa Service Corporation equally are bound by the agreement and thus entitled to enforce it against Laswell. According to Laswell's own allegations, all defendants are related Country Villa entities. AG Seal Beach, LLC, the licensee and operator of the facility doing business as Country Villa Seal Beach Healthcare Center, entered into a management agreement with Country Villa Service Corporation, doing business as Country Villa Health Services, to operate the facility. The arbitration agreement in fact was written on letterhead of Country Villa Health Services. AG Facilities Operations, LLC, is the owner of AG Seal Beach, LLC, and the facility Country Villa Seal Beach Healthcare Center. And defense counsel stated in connection with the petition to compel arbitration that all defendants were represented by the same counsel and would participate in the arbitration proceedings. Further, the substance of Laswell's allegations is that all defendants are responsible for the improper care that she received while she resided at Country Villa Seal Beach Healthcare Center, demonstrating her claims against all defendants are based on the same facts and theory and are inherently inseparable. Under these circumstances, AG Facilities Operations, LLC, and Country Villa Service Corporation can enforce the arbitration agreement against Laswell and thus are not third parties within the meaning of Code of Civil Procedure section 1281.2, subdivision (c). (*RN Solution, Inc. v. Catholic Healthcare West, supra*, 165 Cal.App.4th at p. 1520 [individual defendant who signed agreement as agent-employee of corporate defendant and was a third party beneficiary of agreement was bound by arbitration provision and thus was not a third party

for purposes of Code Civ. Proc., § 1281.2, subd. (c)]; *Rowe v. Exline, supra*, 153 Cal.App.4th at pp. 1284–1290 [individual defendants, although nonsignatories to the arbitration agreement, could enforce its provisions against the plaintiff because he alleged in the breach of contract cause of action that the corporation signatory was an alter ego of the individuals and equitable estoppel principles applied to the other statutory causes of action].)

■ Because no defendant in this case is a third party to the arbitration agreement, the discretion afforded by Code of Civil Procedure section 1281.2, subdivision (c), does not come into play and thus the trial court erred as a matter of law in denying defendants' petition to compel arbitration. (*Rowe v. Exline, supra*, 153 Cal.App.4th at p. 1290 [when nonsignatories may enforce arbitration agreement, they are not third parties within the meaning of Code Civ. Proc., § 1281.2, subd. (c), and thus the provision does not apply]; *RN Solution, Inc. v. Catholic Healthcare West, supra*, 165 Cal.App.4th at p. 1521 ["Since all of the parties involved in the lawsuit are bound by the arbitration agreement, the fundamental condition for the application of [Code of Civil Procedure] section 1281.2[, subdivision] (c)—a pending court action or special proceeding between a party to the arbitration agreement and a third party—is absent."]; see also *Molecular Analytical Systems v. Ciphergen Biosystems, Inc., supra*, 186 Cal.App.4th at pp. 706, 709, 717.)

Laswell's reliance on *Birl v. Heritage Care, LLC* (2009) 172 Cal.App.4th 1313 [91 Cal.Rptr.3d 777] for support that Code of Civil Procedure section 1281.2, subdivision (c), applies here is unpersuasive. In that case, the family of a deceased patient brought an action for elder abuse and related claims against several nursing facilities, a hospital and its affiliated physicians. (172 Cal.App.4th at pp. 1315–1317.) One of the nursing facilities sought to enforce an arbitration agreement as to certain causes of action, while recognizing the hospital, its affiliated physicians and the two other nursing facilities were unrelated third parties not subject to the arbitration agreement. (*Id.* at pp. 1317–1318.) The appellate court affirmed the trial court's discretionary denial of arbitration under Code of Civil Procedure section 1281.2, subdivision (c), concluding that the presence of the third party hospital and nursing facilities invoked the provision and its other requirements were met because conflicting rulings could result against the different groups of defendants on issues such as apportionment of damages among the parties and other nondefendant health care providers based on their own separate care of the deceased patient. (172 Cal.App.4th at pp. 1319–1321.) *Birl v. Heritage Care, LLC*, therefore, involved actual third party defendants not subject to the arbitration agreement, all of which admittedly were unrelated to the nursing facility seeking to compel arbitration. Here, in contrast, all defendants are related entities, and Laswell alleges that each is responsible for her improper care at Country Villa Seal Beach Healthcare Center.

Laswell's reliance on the presence of her nonarbitrable cause of action against AG Seal Beach, LLC, as the licensee of Country Villa Seal Beach Healthcare Center, under Health and Safety Code section 1430, subdivision (b), to avoid arbitration is equally unpersuasive. A trial court does not have discretion to deny arbitration under Code of Civil Procedure section 1281.2, subdivision (c), absent the presence of a third party, and a plaintiff's inclusion of a nonarbitrable cause of action in the complaint is not grounds to deny arbitration under the third party exception. In other words, the presence of a nonarbitrable cause of action is not sufficient by itself to invoke the trial court's discretion to deny arbitration under Code of Civil Procedure section 1281.2, subdivision (c): "The mere fact that some claims are arbitrable and some are not is surely not the 'peculiar situation' meant to be addressed by [Code of Civil Procedure] section 1281.2[, subdivision] (c)[,] according to our Supreme Court." (*RN Solution, Inc. v. Catholic Healthcare West, supra,* 165 Cal.App.4th at p. 1521.) As a result, Laswell's nonarbitrable cause of action under Health and Safety Code section 1430, subdivision (b), which seeks statutory remedies and attorney fees based on the same alleged improper care addressed in her arbitrable causes of action, can be litigated in court after completion of the arbitration.[3]

Finally, Laswell's advanced age and the trial court's decision to grant her trial preference have no relevance to whether Code of Civil Procedure section 1281.2, subdivision (c), applies and, given it does not, whether to grant the

---

[3] Because, as noted, the presence of a nonarbitrable cause of action does not trigger Code of Civil Procedure section 1281.2, subdivision (c), Laswell's additional contention that her elder abuse cause of action is nonarbitrable does not change our conclusion that the trial court lacked discretion to deny arbitration. Because we direct the trial court to grant the petition to compel arbitration, we note that the elder abuse cause of action may appropriately be resolved in arbitration. (*Hogan v. Country Villa Health Services* (2007) 148 Cal.App.4th 259, 263–269 [55 Cal.Rptr.3d 450] [reversing order denying petition to compel arbitration because daughter had authority to bind mother to arbitration agreement for purposes of an elder abuse cause of action]; *Garrison v. Superior Court, supra,* 132 Cal.App.4th at pp. 257, 263–267 [daughter's execution of arbitration agreement required arbitration of damages causes of action, including one for elder abuse].) Indeed, judicial authority on the Elder Abuse and Dependent Adult Civil Protection Act does not "give any indication that the policies favoring the enforcement of arbitration agreements [citation] conflict with the policies aimed at 'protect[ing] a particularly vulnerable portion of the population from gross mistreatment in the form of [elder] abuse and custodial neglect.' " (*Hogan,* at p. 269.) We do not agree with Laswell that *Fitzhugh v. Granada Healthcare & Rehabilitation Center, LLC* (2007) 150 Cal.App.4th 469 [58 Cal.Rptr.3d 585] stands for the proposition that an elder abuse cause of action is nonarbitrable per se, as the appellate court's analysis in that case focused on the presence of third party plaintiffs, who were not subject to the arbitration agreement, and their individual causes of action for wrongful death, as well as noting that the successor claim for violation of Health and Safety Code section 1430, subdivision (b), was nonarbitrable. (*Fitzhugh,* at pp. 473–475.)

petition to compel arbitration. Nonetheless, Laswell's advanced age should be considered by the trial court, the parties and the arbitrator in scheduling proceedings on remand.[4]

## DISPOSITION

The order denying the petition to compel arbitration is reversed and the matter is remanded with directions for the trial court to enter a new order granting the petition to compel arbitration of all causes of action except that against AG Seal Beach, LLC, for violation of Health and Safety Code section 1430, subdivision (b). Defendants shall recover their costs on appeal.

Mallano, P. J., and Johnson, J., concurred.

---

[4] As noted, Code of Civil Procedure section 1281.2 contains three limited exceptions to the mandatory enforcement of valid arbitration agreements. On appeal, Laswell primarily defends the trial court's ruling under subdivision (c) of the statute, which we conclude does not apply here. She also asserts in one paragraph of her respondent's brief that the arbitration agreement is not valid because she lacked the capacity to enter into any agreement, presumably suggesting the exception in section 1281.2, subdivision (b)—that "[g]rounds exist for the revocation of the agreement"—applies. That assertion lacks merit. By concluding that defendants made a "prima facie case for arbitration," the trial court necessarily found that Laswell had the capacity to enter the arbitration agreement. Substantial evidence—based on medical reports, after she fell and broke her hip, indicating that Laswell was alert and oriented as to person, place and time, lives alone and recounted her daily routine and family illness history—supports the trial court's finding, and we, therefore, cannot disturb it on appeal. (*Robertson v. Health Net of California, Inc., supra,* 132 Cal.App.4th at p. 1425.) Although in the trial court Laswell also argued the exception in subdivision (a) applies because defendants waived their right to compel arbitration, the trial court did not find a waiver, and on appeal Laswell does not rely on the waiver exception to defend the trial court's denial of the petition to compel arbitration.