Filed 2/5/14  Vox Entertainment v. Reese CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| VOX ENTERTAINMENT, INC.,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>CARTER REESE et al.,<br><br>        Defendants and Appellants. | B244812<br><br>(Los Angeles County<br>Super. Ct. No. BC486610) |

APPEAL from an order of the Superior Court of Los Angeles County.  Kevin C. Brazile, Judge.  Affirmed.

Gabrielsalomons, LLP, Gary K. Salomons and David S. Mayes for Defendants and Appellants.

A. Liberatore, P.C. and Anthony A. Liberatore; David J. Ozeran for Plaintiff and Respondent.

Defendants and appellants Carter Reese (Reese), Josh Mele (Mele), Chris Wu (Wu), and Annie McCallister (McCallister) (collectively, appellants) appeal from the trial court's order denying their petition to arbitrate claims asserted against them by their former employer, Vox Entertainment, Inc. (Vox). Appellants and Vox were signatories to written employment contracts that contained an arbitration provision. Two other defendants in this action, Hatch.IM, LLC (Hatch) and PMC, Inc. (PMC), were not signatories to any arbitration agreement with Vox.

Based on Code of Civil Procedure section 1281.2, subdivision (c),[1] the trial court denied appellants' motion to compel arbitration on the grounds that Hatch and PMC were not signatories to any arbitration agreement with Vox; Vox's claims against Hatch and PMC arose out of the same transaction or related transactions as the claims against defendants; and proceeding with the arbitration created a risk of conflicting rulings. We affirm the order denying the motion to compel arbitration.

## BACKGROUND

Vox is a marketing and event company that specializes in product and brand launch events, public relations events, red carpet affairs, award shows, and media premiere events. Reese, Wu, and Mele were executive officers at Vox and participated in and controlled the management of Vox. McCallister was a high-ranking managerial employee of Vox. Hatch is a Delaware corporation formed by Reese, Wu, and Mele. PMC is a digital media company and a former client of Vox's.

Appellants each signed an employment agreement with Vox. All of those employment agreements contained an arbitration provision requiring arbitration of any dispute, controversy, or claim arising out of or related to the agreement, or its validity, enforcement, interpretation, breach, or termination. Reese and Wu also signed separate bonus agreements that imposed additional obligations on them in connection with their employment by Vox. Appellants' employment agreements and bonus agreements

---

[1] All statutory references are to the Code of Civil procedure, unless otherwise noted. Section 1281.2, subdivision (c) will be referred to hereafter as section 1281.2(c).

contained provisions prohibiting them from disclosing any of Vox's confidential or proprietary information or from using that information for the benefit of anyone other than Vox; from engaging in any competitive business; or from soliciting any employee, customer, supplier, or vendor of Vox's or from otherwise encouraging such persons to discontinue or diminish their relationship with Vox.

Vox filed the instant action in June 2012 alleging that in 2011, Reese, Wu, and Mele decided to establish a competing business and used their positions at Vox to gain competitive advantage over Vox by "encumbering Vox financially to the benefit of their planned competing business and positioning clients to transition to their planned competing business." The client base for the competing business would be "selected from the most lucrative clients of Vox." Vox further alleged that Reese, Wu, and Mele disclosed their secret plan to establish a competing business to PMC. PMC sought to establish a joint venture with Reese, Wu, and Mele in order to obtain the same services provided by Vox without paying for them and to profit from the joint venture. Reese, Wu, and Mele formed Hatch for the purpose of establishing a competing business and then conspired with PMC to induce Vox's clients to divert their business from Vox to Hatch. Vox alleged that McCallister joined the conspiracy toward the end of 2011. Vox further alleged that PMC had engaged in discussions with Vox for the ostensible purpose of purchasing the company but instead used those discussions as an opportunity to obtain confidential information about Vox's operations and revenues and to induce appellants to breach their fiduciary duties and to form Hatch as a competing business.

Vox asserted causes of action for conspiracy to breach fiduciary duty and for unfair competition in violation of Business and Professions Code section 17200 against all of the defendants; for breach of fiduciary duty against Reese, Wu, and Mele; and for misappropriation of trade secrets and breach of written employment contracts against all of the appellants.

Appellants moved to compel arbitration of Vox's claims pursuant to the parties' written employment agreements and section 1281.2(c) and to stay the action under section 1281.4 pending the outcome of the arbitration. Vox opposed the motion on the

3

grounds that Vox's claims against Hatch and PMC arose out of the same transactions or related transactions and that resolution of those claims in a judicial forum and resolution of the claims against appellants in an arbitral forum created a risk of conflicting or inconsistent rulings. Vox further contended that arbitrating its claims against appellants could result in conflicting rulings on issues of law or fact that were common to both this case and a pending action between Vox and Attack! Marketing, LLC, a third party vendor allegedly seeking recovery against Vox as the result of appellants' actions.

The trial court found that Hatch and PMC were third parties for purposes of section 1281.2(c) because neither could enforce the arbitration agreements. The court reasoned that neither Hatch nor PMC were sued as related entities and that the claims asserted against them were "not intertwined with the contract claims." The court explained that the claims against Hatch and PMC "for conspiracy to breach fiduciary duties" were premised on fiduciary duties that arose "independent of the employment contracts," and accordingly, "a conspiracy to breach those duties is not intertwined with the contract claim." The trial court similarly reasoned that "the unfair business practices claim is based on the conspiracy and a separate conspiracy to fraudulently offer to purchase [Vox's] business." The trial court further found that proceeding with the arbitration would create a risk of conflicting rulings on common issues of fact and denied the motion to compel arbitration.[2] This appeal followed.

## DISCUSSION

### I. Applicable law and standard of review

California law reflects a strong public policy in favor of arbitration. (*Acquire II, Ltd. v. Colton Real Estate Group* (2013) 213 Cal.App.4th 959 (*Acquire II*).) Section 1281.2 advances that policy by requiring a trial court to enforce a written arbitration agreement unless a statutory exception applies. (*Acquire II, supra*, at p. 967.) The

---

[2]     This finding was part of the tentative decision on the motion to compel arbitration which was adopted as the court's order of September 15, 2012.

4

exception applicable here is set forth in section 1281.2(c).[3]  It applies when (1) "[a] party to the arbitration agreement is also a party to a pending court action or special proceeding with a third party," (2) the action or proceeding "aris[es] out of the same transaction or series of related transactions," and (3) "there is a possibility of conflicting rulings on a common issue of law or fact."  (§ 1281.2(c).)  If all three of these conditions are satisfied, section 1281.2(c) gives a trial court discretion to deny or stay arbitration.  A trial court has no discretion, however, to deny or stay arbitration unless all three of the conditions set forth in section 1281.2(c) are satisfied.  (*Acquire II*, at pp. 967-968.)

"The trial court's decision whether section 1281.2(c) applies . . . is reviewed under either the substantial evidence standard or the de novo standard.  If the court based its decision on a legal determination, then we adopt the de novo standard.  [Citations.]  If the court based its decision on a factual determination, then we adopt the substantial evidence standard of review.  [Citation.]  Whether there are conflicting issues arising out of related transactions is a factual determination subject to review under the substantial evidence standard.  [Citation.]"  (*Acquire II, supra*, 213 Cal.App.4th at p. 972.)

The standard of review generally applied to an order denying a motion to compel arbitration is abuse of discretion, "which looks to see 'whether the trial court exceeded the bounds of reason' [citation]."  (*Mercury Ins. Group v. Superior Court* (1998) 19 Cal.4th 332, 349 (*Mercury*).)

## II.  The record supports the trial court's finding that a possibility of conflicting rulings on common issues of law or fact existed

Appellants challenge the trial court's finding with respect to only one of the three conditions for denying a petition to compel arbitration under section 1281.2(c) -- the possibility of conflicting rulings on a common issue of law or fact.  There is substantial evidence in the record to support the trial court's finding that this condition was met.

---

**3**      The other two exceptions apply when "[t]he right to compel arbitration has been waived by the petitioner" or when "[g]rounds exist for the revocation of the agreement [to arbitrate]."  (§ 1281.2, subd. (a) & (b).)

The allegations in a pleading may support a trial court's finding that the conditions of section 1281.2(c) are satisfied. (*Acquire II, supra*, 213 Cal.App.4th at p. 972, fn. 7.) Vox's complaint alleges that PMC conspired with appellants to implement a secret plan to create a business that competed with Vox. The complaint alleges that PMC encouraged and supported appellants in creating a competing venture in violation of appellants' fiduciary duties to Vox. The complaint further alleges that PMC thereafter engaged in discussions to purchase Vox for the sole purpose of obtaining information about Vox's revenues and operations relevant to PMC's proposed joint business venture with appellants. The complaint alleges that from August 2011 through January 2012, appellants secretly collaborated with PMC to divert clients from Vox to Hatch, to divert receivables owed to Vox, to appropriate Vox's confidential business information, and to induce other Vox employees to leave the company and work for Hatch. These allegations are sufficient to show not only that the claims against PMC "arise[] out of the same transaction or series of related transactions" (§ 1281.2(c)) as those asserted against appellants, but also that those claims are premised on factual and legal issues common to both appellants and PMC. (*Ibid.*) The trial court reasonably determined that there was "a possibility of conflicting rulings on a common issue of law or fact." (§ 1281.2(c); *Mercury, supra*, 19 Cal.4th at p. 350.)

Appellants focus on the trial court's findings that Vox's claims against PMC and Hatch "arise independent of the employment contracts" and are "not intertwined with the contract claims" asserted against appellants as support for their argument that arbitrating Vox's claims against them presented no possibility of conflicting rulings on common issues of law or fact. Those findings were made in connection with the trial court's determination that another of the conditions specified in section 1281.2(c) was met in this case -- that PMC and Hatch were each a "third party" for purposes of the statute, and as such were neither bound by, nor had standing to enforce the arbitration agreements between appellants and Vox. (*Laswell v. AG Seal Beach, LLC* (2010) 189 Cal.App.4th 1399, 1407 [third party for purposes of section 1281.2(c) "'must be construed to mean a party that is not bound by the arbitration agreement'"]; *Rowe v. Exline* (2007) 153

6

Cal.App.4th 1276, 1290 [when nonsignatories "may enforce arbitration of the claims against them, they are not 'third part[ies]' within the meaning of section 1281.2, subdivision (c)"].) Appellants do not challenge the trial court's finding that PMC and Hatch were third parties in a pending court action against Vox. The trial court's ancillary findings that PMC and Hatch had no standing to enforce the arbitration provisions contained in appellants' employment contracts are not relevant to the court's determination that compelling arbitration of the claims against appellants could result in conflicting rulings on factual and legal issues common to all of the defendants.

The trial court's denial of the motion to compel arbitration was not an abuse of discretion. (*Mercury, supra*, 19 Cal.4th at p. 349.)

## DISPOSITION

The order denying the motion to compel arbitration is affirmed. Vox is awarded its costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
CHAVEZ

We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.*
FERNS


_____
* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7