Filed 3/30/16  Performance Contracting v. Abener Teyma Mojave General Partnership CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| PERFORMANCE CONTRACTING, INC., | |
| Plaintiff and Respondent, | E062939 |
| v. | (Super.Ct.No. CIVDS1413926) |
| ABENER TEYMA MOJAVE GENERAL PARTNERSHIP et al., | ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING |
| Defendants and Appellants. | [NO CHANGE IN JUDGMENT] |

The petition for rehearing is denied.  The opinion filed in this matter on March 15, 2016 is modified to add to the Disposition on page 12 "and directing all parties, including Mojave, to submit to arbitration" so the Disposition reads as follows:

The order denying the petition to compel arbitration is reversed and the matter is remanded with directions for the trial court to enter a new order granting the petition to

compel arbitration and directing all parties, including Mojave, to submit to arbitration. Defendants shall recover their costs on appeal.

Except for this modification, the opinion remains unchanged.  This modification does not effect a change in judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:

HOLLENHORST

Acting P. J.

MILLER

J.

Filed 3/15/16  Performance Contracting v. Abener Teyma Mojave General Partnership CA4/2 (unmodified version)

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| PERFORMANCE CONTRACTING, INC., | |
| Plaintiff and Respondent, | E062939 |
| v. | (Super.Ct.No. CIVDS1413926) |
| ABENER TEYMA MOJAVE GENERAL PARTNERSHIP et al., | OPINION |
| Defendants and Appellants. | |

APPEAL from the Superior Court of San Bernardino County.  Gilbert G. Ochoa, Judge.  Reversed with directions.

Gibbs Giden Locher Turner Senet & Wittbrodt LLP, Nathan D. O'Malley, and Luke N. Eaton for Defendants and Appellants.

Bremer Whyte Brown & O'Meara LLP, Jeremy S. Johnson, and Holly A. Bartuska for Plaintiff and Respondent.

1

Defendants Abener Teyma Mojave General Partnership, Abeinsa Holdings, Inc., Abener North America Construction, L.P., and Mojave Solar, LLC (Mojave) (collectively, defendants) appeal from the trial court's order denying their petition to compel arbitration of plaintiff Performance Contracting, Inc.'s action against them for breach of contract and related claims. The trial court denied the petition on the ground that some of the defendants were "third parties" under Code of Civil Procedure section 1281.2, subdivision (c).[1] We conclude that, as a matter of law, none of the defendants constitute third parties as that term is used in section 1281.2, subdivision (c), and we therefore reverse the trial court's ruling with directions to grant defendants' petition to compel arbitration.

I

FACTUAL AND PROCEDURAL BACKGROUND

A. *The Complaint and the Petition to Compel Arbitration*

In October 2014, plaintiff entered into a contract with defendant Abener Teyma Mojave General Partnership whereby plaintiff agreed to supply and install insulation materials on the power plant commonly known as the Mojave Solar Power Plant Project (the Project). The contract contains an arbitration clause requiring arbitration of "any dispute" arising out of the contract.

---

[1] All statutory references are to the Code of Civil Procedure.

In September 2014, plaintiff filed a complaint asserting causes of action for foreclosure of mechanics lien, breach of contract, fraudulent and negligent misrepresentation, unjust enrichment, and violation of California's prompt payment statutes.  (Civ. Code, §§ 3287 et seq., 8800, 8812, 8814, 8816, 8818; Bus. & Prof. Code §§ 7108.5, 7108.6.) The gravamen of these claims is the allegation that all defendants are parties to the contract and owe plaintiff over $3 million for work plaintiff performed under the contract.  The complaint alleges that:  plaintiff entered into the contract with all defendants; all defendants "have a unity of interest and are commonly owned and represented"; all defendants "commonly owned" the Project; each defendant "was the agent, employee or joint venturer of each of the other . . . Defendants"; and each defendant "benefit[ed] from Plaintiff's work on the Project and avail[ed] itself to the obligations imposed by way of the Agreement and by ownership of the Project."

Defendants Abener Teyma Mojave General Partnership, Abeinsa Holdings, Inc., and Abener North America Construction, L.P. moved to compel arbitration, arguing the existence of the valid arbitration clause in the contract triggers arbitration under section 1281.2.

Plaintiff opposed the petition, arguing that arbitration was inappropriate under section 1281.2, subdivision (c) due to the presence of third party defendants not subject to arbitration and the possibility of conflicting rulings on common issues of law and fact. Plaintiff asserted there was "an obvious risk of inconsistent determinations or rulings" if

3

arbitration were to proceed because Abeinsa Holdings, Inc., Abener North America Construction, L.P., and Mojave were nonsignatories to the contract and therefore could not be compelled to arbitration. Plaintiff also argued defendants had conceded that nonsignatory Mojave was a third party for purposes of section 1281.2, subdivision (c) because Mojave had not joined defendants' petition to compel arbitration.

In their reply, defendants argued the nonsignatory defendants did not constitute third parties under section 1281.2, subdivision (c) because they were all related and commonly owned. Defendants also argued there was no possibility of conflicting rulings because "all" of the nonsignatory defendants were willing to participate in arbitration. Defendants explained in a footnote that Mojave was also represented by the undersigned counsel and had not yet appeared "because it [was] awaiting the outcome of [the petition] before incurring the costs and expenses of filing a response to the complaint."

Two days before the hearing on defendants' petition, defendants, including Mojave, filed a surreply. The surreply explained that defendants had recently retained new counsel to represent them in the action and that new counsel had discovered "there had been a miscommunication regarding the Defendants' willingness to participate in arbitration." The surreply was "intended to remove all doubt that all Defendants, including MOJAVE, are willing to submit to arbitration in this matter."

4

B.    *The Trial Court's Denial of the Petition*

At the hearing on the petition, defense counsel announced his appearance on behalf of all defendants and reiterated the argument that there was no possibility of conflicting rulings because all defendants were willing to arbitrate the dispute. The court asked defense counsel why Mojave had not joined the petition, stating: "All I see is they're not here. If they were here, then I would have a different issue that I would have to decide." The court admonished defense counsel for filing a surreply, informed the parties that it had not read the surreply, and stated that Mojave had not yet appeared in the case.

Defense counsel replied that it was his understanding former counsel and Mojave had an agreement whereby Mojave could avoid the cost of appearing by not joining the petition. Counsel emphasized that despite Mojave's failure to join in the moving papers, "what we've represented both in the reply and in our documents is that Mojave wants to go to arbitration." The trial court observed that former defense counsel's strategy to help Mojave "save $395.00 at the risk of their client's rights" was ill-advised and denied the petition.

II

DISCUSSION

A. *California Public Policy Favors Arbitration and California Law Requires Enforcement of Valid Arbitration Agreements*

In California, "[a] strong public policy favors the arbitration of disputes, and doubts should be resolved in favor of deferring to arbitration proceedings." (*Laswell v. AG Seal Beach, LLC* (2010) 189 Cal.App.4th 1399, 1404-1405 (*Laswell*), quoting *Rowe v. Exline* (2007) 153 Cal.App.4th 1276, 1282 (*Rowe*).) "A trial court is required to order a dispute to arbitration when the party seeking to compel arbitration proves the existence of a valid arbitration agreement covering the dispute. [Citation.] Under Code of Civil Procedure section 1281.2, '[o]n petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court *shall* order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that' the case falls into one of three limited exceptions." (*Laswell*, *supra*, at pp. 1404-1405.)

One of the limited exceptions to the enforcement of contractual arbitration provisions is where "[a] party to the arbitration agreement is also a party to a pending court action or special proceeding with a third party, arising out of the same transaction or series of related transactions and there is a possibility of conflicting rulings on a common issue of law or fact." (§ 1281.2, subd. (c).) "This exception ' "addresses the

6

peculiar situation that arises when a controversy also affects claims by or against other parties not bound by the arbitration agreement." ' " (*Laswell*, *supra*, 189 Cal.App.4th at p. 1405, quoting *Cronus Investments, Inc. v. Concierge Services* (2005) 35 Cal.4th 376, 393 (*Cronus*).) "The exception thus does not apply when all defendants, including a nonsignatory to the arbitration agreement, have the right to enforce the arbitration provision against a signatory plaintiff." (*Laswell*, *supra*, at p. 1405; accord, *Molecular Analytical Systems v. Ciphergen Biosystems, Inc.* (2010) 186 Cal.App.4th 696, 709; *RN Solution, Inc. v. Catholic Healthcare West* (2008) 165 Cal.App.4th 1511, 1519; *Rowe*, *supra*, 153 Cal.App.4th at p. 1290.) The exception " 'is not a provision designed to limit the rights of parties who choose to arbitrate or otherwise to discourage the use of arbitration. Rather, it is part of California's statutory scheme designed to enforce the parties' arbitration agreements.' " (*Cronus*, *supra*, at p. 393.)

When the elements of the exception are present (i.e., there are third parties not subject to arbitration on claims arising out of the same transaction or related transactions, and a possibility of conflicting rulings on common issues of law or fact), section 1281.2, subdivision (c) gives the trial court discretion to deny or stay arbitration. " 'The court's discretion under [the exception, however,] does not come into play until it is ascertained that the subdivision applies, which requires the threshold determination of whether there are nonarbitrable claims against at least one of the parties to the litigation (e.g., a nonsignatory).' " (*Laswell*, *supra*, 189 Cal.App.4th at p. 1405.)

7

B.     *Section 1281.2, Subdivision (c) Does Not Apply and the Trial Court Did Not Have Discretion to Deny the Petition*

Whether a defendant is in fact a third party for purposes of section 1281.2, subdivision (c), is a matter of law subject to de novo review.  (*Laswell*, *supra*, 189 Cal.App.4th at p. 1406.)  If the third party exception applies, the trial court's discretionary decision as to whether to stay or deny arbitration is subject to abuse of discretion review.  (*Ibid.*)

The trial court did not state its reasoning for denying the petition, but all of the argument at the hearing related to Mojave's failure to join the petition and the possibility of conflicting rulings.  The contract between plaintiff and defendant Abener Teyma Mojave General Partnership provided for arbitration of "any dispute" arising under the contract.  The contract defines a dispute as a claim "of any kind arising between the Parties in connection with . . . this Contract, including but not limited to, any question regarding . . . the performance (or failure to perform) the Work."  The contract defines the parties as plaintiff and defendant Abener Teyma Mojave General Partnership.  The trial court seemingly adopted plaintiff's argument that the contract covered only Abener Teyma Mojave General Partnership and that the presence of Abeinsa Holdings, Inc., Abener North America Construction, L.P., and Mojave as defendants in the action demonstrated there were third parties not subject to the arbitration agreement.  The trial court thus at least implicitly concluded that the threshold requirement for application of section 1281.2, subdivision (c)—that there were third parties not subject to the arbitration

agreement—was satisfied and, as a result, it had discretion to deny arbitration.  We

conclude, however, the threshold requirement for the third party exception was not

satisfied in this case as a matter of law and, therefore, the trial court had no discretion to

deny arbitration.

As the *Laswell* court noted, " '[t]he term "third party" for purposes of [the

exception to arbitration in section 1281.2, subdivision (c)] must be construed to mean a

party that is *not bound* by the arbitration agreement.'  [Citation.]  '[I]n many cases,

nonparties to arbitration agreements are allowed to enforce those agreements where there

is sufficient identity of parties.'  [Citation.]  In addition, ' " '[t]he equitable estoppel

doctrine applies when a party has signed an agreement to arbitrate but attempts to avoid

arbitration by suing nonsignatory defendants for claims that are " 'based on the same

facts and are inherently inseparable' " from arbitrable claims against signatory

defendants.' " ' "  (*Laswell*, *supra*, 189 Cal.App.4th at p. 1407, italics added.)  "Claims

that rely upon, make reference to, or are intertwined with claims under the subject

contract are arbitrable."  (*Rowe*, *supra*, 153 Cal.App.4th at p. 1287.)

Here, although plaintiff and Abener Teyma Mojave General Partnership are the

only signatories to the contract and the contract defines "dispute" as one between plaintiff

and Abener Teyma Mojave General Partnership, the three nonsignatory defendants are

equally bound by the contract and thus entitled to enforce it against plaintiff.  According

to plaintiff's own allegations, all defendants are related entities, all defendants are parties

9

to the contract, and all defendants are responsible for misrepresenting the contract's payment terms and failing to timely pay for a portion of the work plaintiff performed. In other words, plaintiff's own allegations "demonstrate [its] claims against all defendants are based on the same facts and theory and are inherently inseparable." (*Laswell*, *supra*, 189 Cal.App.4th at p. 1407.) Additionally, the contract states that Mojave is the "Owner" of the Project and the contract is printed on Abeinsa letterhead. And, defense counsel represented more than once in connection with the petition to compel arbitration that all defendants were represented by the same counsel and would participate in the arbitration proceedings.

Under these circumstances, Abeinsa Holdings, Inc., Abener North America Construction, L.P., and Mojave can enforce the contract's arbitration clause against plaintiff and thus are not third parties within the meaning of section 1281.2, subdivision (c). (See, e.g., *Laswell*, *supra*, 189 Cal.App.4th at pp. 1407-1408 [nonsignatory defendants could enforce arbitration agreement against the plaintiff because she alleged they were related to the signatory defendant and were responsible for the improper care she received at the signatory defendant's hospice care center]; *Rowe, supra,* 153 Cal.App.4th at pp. 1284-1290 [nonsignatory defendants could enforce arbitration agreement against the plaintiff because he alleged in the breach of contract cause of action that the corporation signatory was an alter ego of the nonsignatory defendants and equitable estoppel principles applied to the other statutory causes of action].) Because

10

section 1281.2, subdivision (c) does not apply to this case as a matter of law, "we need not determine whether the trial court's selection among the alternative dispositions offered by the subdivision was an abuse of discretion." (*Rowe*, *supra*, 153 Cal.App.4th at p. 1290.)

Plaintiff's various arguments as to why we should affirm the trial court's ruling are unpersuasive. There is no support in the record for plaintiff's assertion that defendants waived their argument that they are not third parties under section 1281.2, subdivision (c) by failing to raise it below and by conceding they are third parties. In their reply brief, defendants explicitly argued that section 1281.2, subdivision (c)'s third party exception did not apply because all of the nonsignatory defendants could enforce the contract's arbitration provision and were willing to submit to arbitration. Similarly, there is no support for plaintiff's contention that Mojave's unwillingness to submit to arbitration constitutes a possibility of conflicting rulings. On at least two occasions, defense counsel, who represented all defendants including Mojave, stated that Mojave would submit to arbitration. While Mojave did not join the initial petition to compel arbitration, it joined the surreply and was present at the hearing on the petition.

Lastly, plaintiff's contention that Mojave is not a proper party to this appeal does not change our conclusion that section 1281.2, subdivision (c) does not apply here as a matter of law. Regardless of whether Mojave can be said to have formally joined the petition to compel arbitration, plaintiff is estopped by the allegations in its complaint

11

from arguing that any of the nonsignatory defendants cannot enforce the contract's arbitration clause.[2] (See, e.g., *Rowe*, *supra*, 153 Cal.App.4th at p. 1287 ["a signatory to an arbitration clause may be compelled to arbitrate against a nonsignatory when the relevant causes of action rely on and presume the existence of the contract containing the arbitration provision"].)

### III

### DISPOSITION

The order denying the petition to compel arbitration is reversed and the matter is remanded with directions for the trial court to enter a new order granting the petition to compel arbitration. Defendants shall recover their costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

---

[2] We decline plaintiff's invitation to dismiss Mojave from this appeal. Any "aggrieved" party may file a notice of appeal (§ 902) and we liberally construe the issue of standing to resolve doubts in favor of the right to appeal (*Apple, Inc. v. Franchise Tax Bd.* (2011) 199 Cal.App.4th 1, 13). Mojave took steps to become a part of the petition by joining the surreply, appearing at the hearing, and representing through its counsel that it wanted to submit to arbitration. Along with the other defendants, Mojave was aggrieved by the trial court's denial of the petition.

CODRINGTON

J.

We concur:

HOLLENHORST

Acting P. J.

MILLER

J.