Filed 4/21/22  Palacios v. Nowhere Santa Monica CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| CARIN PALACIOS, | B309207 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 20STCV11880) |
| v. | |
| NOWHERE SANTA MONICA, LLC et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Rafael A. Ongkeko, Judge.  Affirmed.

De Castro Law Group, José-Manuel A. de Castro and Lori V. Minassian for Defendants and Appellants.

Pairavi Law, Edwin Pairavi and Joshua M. Mohrsaz for Plaintiff and Respondent.

———————————

The plaintiff in this sexual harassment case (Carin Palacios) speaks no English, only Spanish. In 2018, when she was hired by appellant Nowhere Santa Monica, LLC, doing business as Erewhon Market (Erewhon), she was asked to sign a document that included an arbitration agreement but she was shown only an English version of the agreement and had no opportunity to review it in Spanish. When Palacios sued Erewhon (and its payroll provider appellant Modern HR, Inc., which is included in our references to Erewhon), Erewhon moved to compel arbitration. In opposition, Palacios and her attorney submitted declarations establishing that no Spanish language forms had ever been shown to Palacios, and that the only document produced by Erewhon during discovery was in English. The motion to compel arbitration was denied, and Erewhon appeals from that order. We affirm.

**FACTS**

Palacios went to work for Erewhon in 2018. About two or three weeks after she started, her supervisor told her she had to sign some documents in order to receive her paycheck. Palacios was taken to a computer, and her supervisor told her to type certain information into the computer (her name, date of birth, and social security number) at places indicated by the supervisor. The document was in English and no one explained its content to Palacios.

After this lawsuit was filed, Palacios' attorneys asked for a copy of Palacios' personnel file. In response, Erewhon produced a file that included an arbitration agreement electronically signed

2

by *Palacios' supervisor, but not signed by Palacios*. Erewhon did not produce any documents in Spanish.

Erewhon moved to compel arbitration. In support of its motion, Erewhon submitted the declaration of Michael Holmes (Modern HR's vice president of human resources and business development) describing his familiarity with Modern HR's online onboarding system for new hires and stating that Erewhon asks its new hires to sign "Erewhon's Agreement to be Bound by Alternative Dispute Resolution Policy," which Holmes defines as the "Arbitration Agreement." As exhibits to his declaration are a document Holmes describes as a copy of the English version Arbitration Agreement and a Spanish version of the Arbitration Agreement translated by a certified Spanish language interpreter.

The *English* version purports to bear Holmes' signature and states "'Signed by CARIN PALACIOS at 2018-05-14T117:09:23.531-05:00.'" It also recites, "Signed by Lopez, Isaac at 2018:05-14T17:50:52.598-05:00." The *Spanish* document does not contain any signature, but prints Holmes' name and title and recites, in English, "was signed at 3:09 p.m. GMT-7 on 05/14/2018 by CARIN PALACIOS."

Palacios opposed the motion, and submitted her own declaration and her attorney's declaration claiming that Palacios had not signed any agreement and had not been given a Spanish language version of any document. Her attorney attached an English version of the arbitration agreement he had received from Erewhon in discovery, electronically signed by Isaac Lopez,

Palacios' manager, but not by Palacios, and purportedly bearing Holmes' signature.

The trial court sustained Palacio's objections to Holmes' declaration on the grounds that Holmes lacked personal knowledge, the documents lacked foundation, and Holmes' statements were speculative because his exhibits were not translated. The trial court noted the "various versions of the arbitration agreement" making it "unclear, which, if any, was the one arbitration agreement which would establish a sufficient meeting of the minds between the parties." Erewhon's motion was denied on September 29, 2020.

## LEGAL DISCUSSION

**Standard of Review.** Where as here the trial court's decision is based on the resolution of a factual dispute, we draw every permissible inference in favor of the trial court and will affirm if the order is supported by substantial evidence. (*Bannister v. Marinidence Opco, LLC* (2021) 64 Cal.App.5th 541, 545; *Laswell v. AG Seal Beach, LLC* (2010) 189 Cal.App.4th 1399, 1406.)

**Substantial evidence supports the trial court's order.** Erewhon insists its showing in support of its motion to compel arbitration was "sufficient" and that, because arbitration is favored, its motion should have been granted. Erewhon ignores the fact that the trial court found there was no agreement to arbitrate — and the fact that Erewhon says there was an agreement is insufficient to establish its existence, particularly in light of Palacios' declaration stating that she was not provided

4

anything in Spanish, statements supported by her attorney's declaration that the only document produced by Erewhon during discovery is in English.

At the hearing on the motion, Erewhon asked the trial court to deny its motion without prejudice so that it could locate the Spanish version supposedly signed by Palacios. Palacios objected and the trial court denied the request, explaining in its written ruling that Erewhon had failed to authenticate the documents it relied on as the arbitration agreement. The trial court reasonably found there were too many unanswered questions about the terms of the so-called arbitration agreement and whether Palacios had an opportunity to review the documents in Spanish.

In short, Erewhon did not meet its burden of establishing the existence of a valid arbitration agreement. (*Fagelbaum & Heller LLP v. Smylie* (2009) 174 Cal.App.4th 1351, 1363.) More to the point, Erewhon did not establish the validity of Palacios' electronic signature. (Civ. Code, §§ 1633, 1633.1, 1633.7, subd. (a); Evid. Code, § 1401; *Fabian v. Renovate America, Inc.* (2019) 42 Cal.App.5th 1062, 1063 [affirming order denying motion to compel arbitration where the defendant failed to prove the plaintiff had electronically signed the agreement]; *Ruiz v. Moss Bros. Auto Group, Inc.* (2014) 232 Cal.App.4th 836, 838-840 [affirming an order refusing to compel arbitration where purported agreement was electronically signed].)

Erewhon does not dispute Palacios' inability to read or understand English, nor does it explain why the only document provided during discovery was in English. On these facts, it is

clear the trial court did not err in finding Palacios' testimony credible.

## DISPOSITION

The order denying the motion to compel arbitration is affirmed. Palacios is awarded her costs of appeal.

NOT TO BE PUBLISHED

VOGEL, J.*

We concur:


CHANEY, J.


BENDIX, Acting P. J.

---

* Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6