Filed 9/5/14  Jones v. J.C. Penny CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| ALYSSA JONES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>J.C. PENNEY CORPORATION, INC., et al.,<br><br>    Defendants and Appellants. | B246674<br><br>(Los Angeles County<br>Super. Ct. No. BC451823) |

APPEAL from an order of the Superior Court of Los Angeles County, James R. Dunn, Judge.  Affirmed.

Littler Mendelson, Julie A. Dunne, Dominic J. Messiha, Sarah M. Milstein and Maggy M. Athanasious for Defendants and Appellants.

Initiative Legal Group and G. Arthur Meneses for Plaintiff and Respondent.

During her employment with defendant J.C. Penney Corporation, Inc., and J.C. Penney Company, Inc. (collectively, J.C. Penney), plaintiff Alyssa Jones signed an agreement to arbitrate most employment-related claims and to waive her right to bring class and representative actions.  Subsequently, Jones brought a representative action under the Labor Code Private Attorneys General Act of 2004 (PAGA) alleging violations of the Labor Code, and J.C. Penney petitioned to compel arbitration.  The trial court denied the petition, concluding that J.C. Penney had waived the right to compel arbitration and, in the alternative, that Jones's waiver of the right to bring a representative action was unenforceable.

We affirm.  Our Supreme Court's recent decision in *Iskanian v. CLS Transportation Los Angeles*, *LLC* (2014) 59 Cal.4th 348 (*Iskanian*) holds that employee waivers of the right to bring representative PAGA actions are not enforceable, and nothing in the parties' arbitration agreement suggests that the parties agreed to arbitrate such actions.  The trial court thus correctly denied the petition to compel arbitration.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.	The Arbitration Agreement

Jones was employed by J.C. Penney as a sales associate/cashier from November 2007 to January 2008, and again from November 2009 to December 2009.  As a condition of her employment, Jones signed a "Binding Mandatory Arbitration Agreement," which provided in full as follows:

"J.C. Penney Company, Inc., including its subsidiaries (hereinafter 'JCPenney'), and I voluntarily agree to resolve disputes arising from, related to, or asserted after the termination of my employment with JCPenney through mandatory binding arbitration under the JCPenney Rules of Employment Arbitration.  JCPenney and I voluntarily waive the right to resolve these disputes in courts.

"I acknowledge that I was given the opportunity to review the Rules and consult with an attorney prior to signing this Agreement.  I understand that I will, however, be

2

bound by this Agreement and the Rules once I sign electronically, regardless of whether I have reviewed the Rules, or consulted with an attorney, prior to signing. I hereby agree to arbitrate disputes covered by and pursuant to the JCPenney Rules of Employment Arbitration."

The "JCPenney Rules of Employment Arbitration" (Arbitration Rules) provided that the parties agreed to arbitrate all claims except those specifically excluded (for unemployment compensation, workers' compensation, under any pension or welfare benefit plan, and under the National Labor Relations Act). The Arbitration Rules further provided that employees waived their rights to bring class and representative actions to the extent permitted by law:

"**Rule 8. Representative Actions Prohibited; Exceptions.** There may only be one Claimant per Case.

"A. To the extent permitted by law, the Parties waive their rights to bring class and representative actions.

"B. A Party may challenge the efficacy of this waiver to a particular case or situation by filing a class or representative action in court.

"C. The opposing Party may then agree to the right of the other Party to proceed by class or representative action by voluntarily going forward with the litigation in court.

"D. Alternatively, the opposing Party may file a timely motion to dismiss or stay the lawsuit pending arbitration, and have the court determine whether the waiver made herein bars the particular class or representative action before it."


## II.     The Present Action

Jones filed the present action on December 23, 2010, and filed the operative first amended complaint (complaint) on January 27, 2011. As relevant here, Jones alleged that J.C. Penney did not permit her and others to sit at work "even when it would not interfere with the performance of their duties, nor were they provided with suitable

3

seats." This conduct was alleged to violate Labor Code section 1198[1] and California Code of Regulations, title 8, section 11070 (hereinafter, 8 C.C.R. § 11070), subdivision 14.[2] Jones alleged she was authorized to bring the present action for Labor Code violations "individually and on behalf of all other members of the public similarly situated" by the PAGA, sections 2698-2699.5.

On March 18, 2011, J.C. Penney removed the action to federal district court pursuant to the Class Action Fairness Act (CAFA), 28 United States Code section 1332(d). Jones filed a motion to remand, urging in part that her action was a representative action under PAGA, not a class action removable pursuant to CAFA. On June 9, 2011, the district court agreed and granted the motion to remand, finding that Jones's action was a "representative enforcement action under PAGA," not a class action.[3]

## III. Defendants' Motion to Compel Arbitration

On June 4, 2012, Division Two of this court issued its opinion in *Iskanian v. CLS Transportation Los Angeles LLC* (B235158, review granted Sep. 19, 2012), holding that waivers of representative actions in employment arbitration agreements are enforceable

---

[1] All subsequent undesignated statutory references are to the Labor Code.
Section 1198 provides: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

[2] 8 C.C.R. § 11070, subdivision 14 provides: "(A) All working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats. [¶] (B) When employees are not engaged in the active duties of their employment and the nature of the work requires standing, an adequate number of suitable seats shall be placed in reasonable proximity to the work area and employees shall be permitted to use such seats when it does not interfere with the performance of their duties."

[3] On July 8, 2011, J.C. Penney again removed the case to federal district court. The district court remanded the case on September 28, 2011.

according to their terms.[4] Division Two's opinion disagreed with an earlier decision of another appellate court in *Brown v. Ralphs Grocery Co.* (2011) 197 Cal.App.4th 489 (*Brown*)*,* which had held that an employee's pre-dispute waiver of the right to pursue a representative PAGA action is not enforceable under California law.

Immediately after the *Iskanian* appellate decision was published, J.C. Penney petitioned to compel arbitration of Jones's claim, urging that Jones's waiver of the right to pursue a representative action was valid and enforceable. Jones opposed, contending that J.C. Penney had waived the right to compel arbitration by engaging in litigation conduct inconsistent with an intent to arbitrate. Specifically, Jones noted that J.C. Penney had twice removed the action to federal court, filed demurrers and motions to dismiss, propounded discovery unavailable in arbitration, and delayed 19 months before moving to compel arbitration.

The trial court denied the petition to compel arbitration on December 4, 2012. The court said that Jones "makes an extensive and, I think, persuasive argument, that there was a waiver here. You have a combination of circumstances, which I think are . . . pretty extraordinary. . . . And the defendant says, 'Well, we didn't really do much discovery,' and so forth, but you did discovery before the answer was filed, which I understand you cannot do in arbitration. So right there, you obtained an advantage that you would not have had in arbitration. Two removals, two motions to dismiss in federal court, some discovery, much of which was taken, if not all, prior to the time you would have been entitled to it under an arbitration. These are listed in the plaintiff's opposition at pages 4 through 11, and I'm not going to go through all of them. . . . Defendants say they did have a right to remove, and they may be correct about that, but it's totally inconsistent with the idea of arbitrating and having done it twice and having filed motions to dismiss twice[.] [T]hey argue that's purely procedural, but I don't find that to be the

---

[4]     The California Supreme Court granted review in *Iskanian* on September 19, 2012, and issued an opinion reversing the judgment of the Court of Appeal on June 23, 2014. Following the issuance of the Supreme Court's opinion, we asked the parties for supplemental briefs discussing *Iskanian*'s effect on the present appeal, which we discuss below.

case." In the alternative, the court denied the petition to compel arbitration because it found that representative actions under PAGA could not be waived under *Brown*.

On January 7, 2013, the court signed a written order denying the petition to compel arbitration. Defendants timely appealed.

## DISCUSSION

"'[T]here is no uniform standard of review for evaluating an order denying a motion to compel arbitration. [Citation.] If the court's order is based on a decision of fact, then we adopt a substantial evidence standard. [Citations.] Alternatively, if the court's denial rests solely on a decision of law, then a de novo standard of review is employed. [Citations.]' (*Robertson v. Health Net of California, Inc.* (2005) 132 Cal.App.4th 1419, 1425.)" (*Laswell v. AG Seal Beach, LLC* (2010) 189 Cal.App.4th 1399, 1406.) The enforceability of the representative action waiver presents a pure issue of law, and thus our review is de novo.

The parties appear to agree that our decision in this case is governed by the California Supreme Court's recent opinion in *Iskanian*, *supra*, 59 Cal.4th 348, which held that arbitration waivers of representative PAGA claims are not enforceable. We therefore begin by discussing PAGA (part I), and then consider *Iskanian* and its precursors (parts II & III). In part IV, we apply *Iskanian* to the present case to conclude that the trial court did not err in denying the petition to compel arbitration.

## I.     The Private Attorneys General Act of 2004

As we have noted, the arbitration agreement requires the waiver not only of class actions but of "representative actions." There is no dispute that "representative actions" include representative actions brought under PAGA. PAGA provides that "any provision of [the Labor Code] that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency . . . for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on

6

behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3." (§ 2699, subd. (a).) An "aggrieved employee" is "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed." (§ 2699, subd. (c).)

Civil penalties are specified by statute, and vary from $100 for each aggrieved employee per pay period for an initial violation, to $200 for each aggrieved employee per pay period for each subsequent violation. (§ 2699, subd. (f).) Seventy-five percent of the civil penalties recovered by aggrieved employees are distributed to the Labor and Workforce Development Agency (LWDA), and 25 percent are distributed to the aggrieved employee. (§ 2699, subd. (i).) Civil penalties recovered under PAGA are distinct from the statutory damages to which employees may be entitled in their individual capacities. (*Iskanian*, *supra*, 59 Cal.4th at pp. 380-381.)

"'Because an aggrieved employee's action under the [PAGA] functions as a substitute for an action brought by the government itself, a judgment in that action binds all those, including nonparty aggrieved employees, who would be bound by a judgment in an action brought by the government. The act authorizes a representative action only for the purpose of seeking statutory penalties for Labor Code violations (Lab. Code, § 2699, subds. (a), (g)), and an action to recover civil penalties "is fundamentally a law enforcement action designed to protect the public and not to benefit private parties" (*People v. Pacific Land Research Co.* (1977) 20 Cal.3d 10, 17). When a government agency is authorized to bring an action on behalf of an individual or in the public interest, and a private person lacks an independent legal right to bring the action, a person who is not a party but who is represented by the agency is bound by the judgment as though the person were a party. (Rest.2d Judgments, § 41, subd. (1)(d), com. d, p. 397.) Accordingly, with respect to the recovery of civil penalties, nonparty employees as well as the government are bound by the judgment in an action brought under the act . . . .' (*Arias* [*v. Superior Court* (2009)] 46 Cal.4th [969,] 986.)" (*Iskanian*, *supra*, 59 Cal.4th at p. 381.)

7

**II.      Precursors to *Iskanian*:  *Discover Bank*, *Gentry*, and *Concepcion***

In *Discover Bank v. Superior Court* (2005) 36 Cal.4th 148 (*Discover Bank*), the California Supreme Court considered the enforceability of a class action waiver in a consumer arbitration agreement.  The court held a pre-dispute waiver of the right to bring a class action is unconscionable when "found in a consumer contract of adhesion in a setting in which disputes between the contracting parties predictably involve small amounts of damages, and when it is alleged that the party with the superior bargaining power has carried out a scheme to deliberately cheat large numbers of consumers out of individually small sums of money." (*Id*. at pp. 162-163.)  Under appropriate circumstances, therefore, a court may refuse to enforce a class action waiver and instead order the parties to classwide arbitration.  (*Id*. at pp. 172-173.)[5]

The Supreme Court extended *Discover Bank* to the employment context in *Gentry v. Superior Court* (2007) 42 Cal.4th 443 (*Gentry*).  There, the court held that a class action waiver in an employment arbitration agreement should not be enforced in an overtime case if a trial court concludes, based on factors enumerated by the court, "that a class arbitration is likely to be a significantly more effective practical means of vindicating the rights of the affected employees than individual litigation or arbitration, and . . . that the disallowance of the class action will likely lead to a less comprehensive enforcement of overtime laws for the employees alleged to be affected by the employer's violations." (*Id*. at p. 463.)  If the trial court so concludes, it must "invalidate the class arbitration waiver to ensure that these employees can 'vindicate [their] unwaivable rights in an arbitration forum.'" (*Ibid*.)

---

[5]      The court noted that arbitration may be "a less desirable forum from Discover Bank's viewpoint if the arbitration must be conducted in a classwide manner.  But the fact that a court's refusal to enforce an unconscionable term of an arbitration agreement makes that agreement less desirable to the party imposing the term does not argue in favor of its enforcement." (*Discover Bank*, *supra*, 36 Cal.4th at p. 173.)  The court noted, moreover, that in the event a classwide arbitration were compelled, Discover Bank could "waive the arbitration agreement and have the matter brought in court." (*Id*. at p. 173 & fn. 8.)

8

In *AT&T Mobility LLC v. Concepcion* (2011) ___ U.S. ___ [131 S.Ct. 1740] (*Concepcion*), the United States Supreme Court overruled *Discover Bank*, holding that the Federal Arbitration Act (FAA) preempts the "*Discover Bank* rule," which classifies most class action waivers in consumer contracts unconscionable. The Supreme Court explained that the "overarching purpose" of the FAA "is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings." (*Id*. at p. ___ [131 S.Ct. at p. 1748].) Requiring classwide arbitration where the parties have agreed to forego it "interferes with fundamental attributes of arbitration and thus creates a scheme inconsistent with the FAA." (*Ibid*.)

## III.    *Iskanian v. CLS Transportation Los Angeles, LLC*

In *Iskanian*, the California Supreme Court considered whether its holding in *Gentry* survived *Concepcion*. The issue arose in the context of an arbitration agreement signed by plaintiff Iskanian during his employment with CLS. The agreement provided that "any and all claims" arising out of Iskanian's employment were to be submitted to binding arbitration, and contained a waiver of the right to bring class and representative actions, as follows: "'[E]xcept as otherwise required under applicable law, (1) EMPLOYEE and COMPANY expressly intend and agree that class action and representative action procedures shall not be asserted, nor will they apply, in any arbitration pursuant to this Policy/Agreement; (2) EMPLOYEE and COMPANY agree that each will not assert class action or representative action claims against the other in arbitration or otherwise; and (3) each of EMPLOYEE and COMPANY shall only submit their own, individual claims in arbitration and will not seek to represent the interests of any other person.'" (59 Cal.4th at pp. 360-361.)

After he ceased working for CLS, Iskanian sued CLS for a variety of Labor Code violations, including failure to pay overtime, provide meal and rest breaks, and reimburse business expenses. (*Iskanian*, *supra*, 59 Cal.4th at p. 361.) Iskanian brought his claims as an individual and putative class representative seeking damages, and also in a

representative capacity under PAGA seeking civil penalties. CLS petitioned to compel arbitration, and the trial court granted the petition. The Court of Appeal affirmed. (*Ibid.*)

The Supreme Court agreed with the Court of Appeal only in part. For reasons not relevant to the present appeal, the court held that California law as articulated in *Gentry* (i.e., that an arbitration waiver of the right to bring a class action is unenforceable as a matter of state law under some circumstances) was preempted by the FAA with regard to Iskanian's class claims.[6] (*Iskanian*, *supra*, 59 Cal.4th at pp. 364-365.) However, it reached a different result with regard to Iskanian's PAGA claims. It explained that a PAGA representative action is a type of *qui tam* action because an aggrieved employee's action under PAGA "'functions as a substitute for an action brought by the government itself'" and is ""'fundamentally a law enforcement action designed to protect the public and not to benefit private parties.'"" (*Id.* at p. 381.) Thus, an employee's right to bring a PAGA action is unwaivable: "[T]he Legislature's purpose in enacting the PAGA was to augment the limited enforcement capability of the [LWDA] by empowering employees to enforce the Labor Code as representatives of the [LWDA]. Thus, an agreement by employees to waive their right to bring a PAGA action serves to disable one of the primary mechanisms for enforcing the Labor Code. . . . [¶] . . . The PAGA was clearly established for a public reason, and agreements requiring the waiver of PAGA rights would harm the state's interests in enforcing the Labor Code and in receiving the proceeds of civil penalties used to deter violations." (*Id.* at p. 383.)

The court rejected CLS's contention that the arbitration agreement did not violate public policy because it prohibited only *representative* claims, not individual PAGA claims. It explained: "[W]hether or not an individual claim is permissible under the PAGA, a prohibition of *representative* claims frustrates the PAGA's objectives. As one

---

[6]    The court explained that the Supreme Court in *Concepcion* made clear that state law rules against consumer class waivers are preempted by federal law because states "cannot require a procedure that interferes with fundamental attributes of arbitration 'even if it is desirable for unrelated reasons.'" (*Iskanian*, *supra*, 59 Cal.4th at p. 364.) Thus, "[u]nder the logic of *Concepcion*, the FAA preempts *Gentry*'s rule against employment class waivers." (*Ibid.*)

Court of Appeal has observed:  '[A]ssuming it is authorized, a single-claimant arbitration under the PAGA for individual penalties will not result in the penalties contemplated under the PAGA to punish and deter employer practices that violate the rights of numerous employees under the Labor Code.  That plaintiff and other employees might be able to bring individual claims for Labor Code violations in separate arbitrations does not serve the purpose of the PAGA, even if an individual claim has collateral estoppel effects.  [Citation.]  Other employees would still have to assert their claims in individual proceedings.'  [Citation.]"  (*Iskanian*, *supra*, 59 Cal.4th at p. 384.)  Thus, the court concluded that where an employment agreement compels the waiver of representative claims under PAGA, it is contrary to public policy and unenforceable as a matter of state law.

The court next considered whether the state law rule prohibiting waiver of representative PAGA claims was preempted by the FAA.  It concluded it was not.  The court explained that the FAA creates an efficient forum for the resolution of *private* disputes, whereas a PAGA action is a *public* dispute between an employer and the state LWDA.  Thus, "a PAGA claim lies outside the FAA's coverage because it is not a dispute between an employer and an employee arising out of their contractual relationship.  It is a dispute between an employer and the *state*, which alleges directly or through its agents—either the [LWDA] or aggrieved employees—that the employer has violated the Labor Code."  (*Iskanian*, *supra*, 59 Cal.4th at pp. 386-387.)

The court considered finally the forum in which Iskanian's representative claims would proceed.  Because it concluded that the arbitration agreement "gives us no basis to assume that the parties would prefer to resolve a representative PAGA claim through arbitration," it ordered those claims to litigation unless the parties agreed otherwise.  (*Iskanian*, *supra*, 59 Cal.4th at p. 391.)[7]

---

[7]   The court noted that its resolution—ordering only the individual damages claims to arbitration—"raises a number of questions:  (1) Will the parties agree on a single forum for resolving the PAGA claim and the other claims?  (2) If not, is it appropriate to bifurcate the claims, with individual claims going to arbitration and the representative

11

## IV.   Under *Iskanian*, Jones's PAGA Claim Is Not Subject to Mandatory Arbitration

Jones's complaint alleges a single cause of action under PAGA for violations of section 1198 and 8 C.C.R. section 11070, subdivision 14. Jones purports to assert her PAGA cause of action "individually and on behalf of all other members of the public similarly situated."

J.C. Penney's motion to compel contended that by signing the arbitration agreement, Jones agreed to arbitrate her claims and waived her right to bring a representative PAGA action. As we have said, however, *Iskanian* holds that an employee cannot waive the right to bring a representative PAGA action. (*Iskanian*, *supra*, 59 Cal.4th at p. 384.) As such, Jones's representative action waiver is unenforceable.

Having concluded that Jones did not waive the right to bring a representative PAGA claim, we must determine whether that claim will proceed in litigation or arbitration. Jones contends in her supplemental brief that under *Iskanian*, she "should not be ordered to 'individual arbitration' but should instead be permitted to pursue her representative PAGA action *in court*." (Italics added.) J.C. Penney urges that *Iskanian* conflicts with United States Supreme Court precedent, and thus that we should stay this appeal until the high court can receive and rule on an anticipated petition for writ of certiorari in *Iskanian*. J.C. Penney concedes, however, that under *Iskanian*, "[u]nless employers were to ask the LWDA to sign arbitration agreements, and the LWDA was to sign them, *there can be no circumstances under which an aggrieved employee could arbitrate any action for PAGA penalties*." (Italics added.)

Without considering whether an arbitration agreement could ever be crafted that would permit arbitration of PAGA claims, we conclude that no such arbitration

---

PAGA claim to litigation? (3) If such bifurcation occurs, should the arbitration be stayed pursuant to Code of Civil Procedure section 1281.2? [Citation.]" (*Iskanian*, *supra*, 59 Cal.4th at pp. 391-392.) The parties "have not addressed these questions and may do so on remand." (*Ibid*.)

agreement was crafted here. The Arbitration Rules provided for arbitration of many kinds of employment-related disputes, but specifically provided that "the Parties *waive their rights to bring class and representative actions*." (Italics added.) Because the Arbitration Rules thus contemplated that class and representative actions would not be brought in *any* forum, they provide no guidance as to the parties' preferred forum should a representative action be allowed to proceed. Indeed, as in *Iskanian*, the Arbitration Rules "give[] us no basis to assume that the parties would prefer to resolve a representative PAGA claim through arbitration." (*Iskanian*, *supra*, 59 Cal.4th at p. 391.)

"'"[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." [Citations.]'" (*Mendez v. Mid-Wilshire Health Care Center* (2013) 220 Cal.App.4th 534, 540-541, citing *AT&T Technologies v. Communications Workers* (1986) 475 U.S. 643, 648.) Because the parties did not agree to submit PAGA claims to arbitration, there was no basis for granting J.C. Penney's motion to compel. The trial court did not err in so concluding.[8]

---

[8] Because we have concluded that the Arbitration Rules as interpreted in light of *Iskanian* do not support J.C. Penney's request to compel arbitration, we do not consider whether J.C. Penney waived the right to arbitrate.

**DISPOSITION**

The order denying the petition to compel arbitration is affirmed. Jones shall recover her costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, J.*

We concur:

WILLHITE, Acting P. J.

MANELLA, J.

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.